UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

GINA HASSLER                                     :
                                                 :
                Plaintiff,                       :
        -v-                                      :                **COMPLAINT**
                                                 :
THE CITY OF NEW YORK,                            :                **JURY TRIAL DEMANDED**
POLICE OFFICER AKILA                             :
NANAYAKKARA, POLICE OFFICER                      :                24-cv-295
EDWARD MURPHY                                     :
                                                 :
                Defendants.                      :
--------------------------------------------------------X

Gina Hassler ("Plaintiff"), by and through her counsel, Cody Warner, P.C., states and

alleges as follows against The City of New York, Police Officer Akila Nanayakkara ("Defendant

Nanayakkara"), and Police Officer Edward Murphy ("Defendant Murphy"):

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff asserts constitutional claims

pursuant to 42 U.S.C. § 1983 against the individual defendants for false arrest, malicious

prosecution, failure to intervene, denial of the right to a fair trial, and a *Monell* claim against the

City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous

claims under New York State Law against the individual defendants and against the City of New

York under the doctrine of *respondeat superior*.

2.      Plaintiff seeks monetary damages (compensatory and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court

deems just and proper.

## JURISDICTION

3.      The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## JURY TRIAL DEMANDED

5.      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all her claims as pleaded herein.

## VENUE

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7.      Plaintiff is a resident of Richmond County, New York.

8.      Defendant Nanayakkara is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").

9.      Defendant Murphy is and was at all times relevant herein an officer, employee, and agent of the NYPD.

2

10.     Defendant Nanyakkara and Defendant Murphy (collectively, the "individual defendants") are sued in their individual and official capacities. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

11.     Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

12.     Plaintiff served a Notice of Claim on Defendant City within ninety days of the incident. The City of New York conducted a General Municipal Law 50-h hearing on October 23, 2023.

13.     This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14.     On March 23, 2023, Plaintiff drove her vehicle towards her home after spending the evening with her boyfriend.

15.     While driving home, Plaintiff's vehicle hit a pothole on the highway in Richmond County, New York, and her tire went flat.

16.     Plaintiff exited the highway.

17.     Once Plaintiff was off the highway, she parked her vehicle on the side of a residential street.

18.     Plaintiff used her phone to request a car ride home via Uber, a transportation service.

19.     Plaintiff waited several hours for an Uber driver to pick her up, because multiple Uber drivers cancelled the scheduled trip before picking her up.

20.     Eventually, an Uber driver arrived at Plaintiff's location, but Plaintiff was then asleep.

21.     Concerned for Plaintiff's safety, the Uber driver called 911.

22.     The individual defendants responded to the incident location.

23.     Defendant Murphy opened the passenger side door of Plaintiff's vehicle and woke up Plaintiff.

24.     Defendant Nanayakkara asked Plaintiff if she had anything to drink that night, and Plaintiff responded, "no."

25.     The individual defendants did not, at any point, observe Plaintiff operate the vehicle.

26.     Plaintiff never told the individual defendants that she had operated the vehicle that evening.

27.     While speaking privately behind Plaintiff's vehicle, Defendant Nanayakkara told Defendant Murphy multiple times that he did not smell alcohol on Plaintiff and that she just looked tired.

28.     The individual defendants conferred about whether they should arrest Plaintiff. They agreed that they would detain Plaintiff until they could offer Plaintiff a Portable Breathalyzer Test ("PBT"), which could demonstrate whether she had alcohol in her system.

29.     Plaintiff, incredulous that the individual defendants detained her without justification, refused to blow into the PBT once it arrived on the scene.

30.     The individual defendants then arrested Plaintiff.

31.     The arrest was not supported by probable cause or otherwise privileged.

32.     The individual defendants escorted Plaintiff to the 123rd Precinct, where Plaintiff was placed inside a holding cell.

33.     While at the 123rd Precinct, Plaintiff had a panic attack and was consequently escorted to the emergency room at Richmond University Medical Center ("RUMC").

34.     Plaintiff had worked for years as a nurse practitioner in the emergency room at RUMC.

35.     While in NYPD custody at RUMC, many of the people she encountered—including her triage nurse—were her former colleagues.

36.     Plaintiff was wearing handcuffs and shackles around her feet while she was around her former colleagues at RUMC.

37.     After Plaintiff was released from RUMC, she was transported to Richmond County Central Booking.

38.     Plaintiff was arraigned on Docket Number CR-001626-23RI in Richmond Criminal Court on March 26, 2023.

39.      Docket Number CR-001626-23RI charged Plaintiff with V.T.L. § 1192.3 Driving While Intoxicated and V.T.L. § 1192.1 Driving While Ability Impaired.

40.     The criminal complaint for Docket Number CR-001626-23RI contained the factual allegations of Defendant Nanayakkara.

41.     Despite having repeatedly said to Defendant Murphy that he did not smell alcohol on Plaintiff, in the criminal complaint Defendant Nanayakkara falsely alleged that he smelled a moderate odor of alcohol on Plaintiff's breath.

42.     Defendant Nanayakkara knew that the prosecution was not supported by probable cause.

43.     Defendant Nanayakkara signed the falsely sworn criminal complaint and forwarded it to the Richmond County District Attorney's Office.

44.     Plaintiff was released from NYPD custody at her arraignment after being incarcerated for almost two days.

45.     Plaintiff was ordered to appear in Richmond Criminal Court on subsequent dates.

46.     Plaintiff's case was dismissed and sealed on September 8, 2023.

47.     All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law.

48.     Upon information and belief, the NYPD and its respective policy and decision makers and supervisors have imposed or acquiesced to polices or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

49.     Upon information and belief, the NYPD and its respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

50.     The instant arrest of Plaintiff, without even the semblance of probable cause, was so egregious as to amount to deliberate indifference by the policy and decision makers within the NYPD. The need for enhanced training and supervision is obvious due to the clear lack of probable cause to arrest and prosecute Plaintiff.

51.     Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD are within the exclusive knowledge of the Defendants.

52.     As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

a.      Deprivation of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b.      Deprivation of her rights under the laws and Constitution of the State of New York;

c.      Emotional distress, degradation and suffering;

d.      Loss of liberty

e.      Attorney's fees for her criminal case; and

f.      Lost earnings.

## FIRST CLAIM

### False Arrest Under 42 U.S.C. § 1983

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

54.     The individual defendants deprived Plaintiff of her rights afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting and detaining Plaintiff.

55.     The wrongful and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without probable cause, without a warrant, and without privilege or consent.

56.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

**False Arrest Under New York State Law**

57.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

58.     The individual defendants subjected Plaintiff to false arrest and deprivation of liberty without probable cause.

59.     Plaintiff was conscious of her confinement.

60.     Plaintiff did not consent to her confinement.

61.     Plaintiff's arrest was not otherwise privileged.

62.     Defendant City, as the employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

**Malicious Prosecution Under 42 U.S.C. § 1983**

64.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

65.      The individual defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff.

66.     The individual defendants commenced a prosecution against Plaintiff.

67.     The individual defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

68.     The individual defendants acted with malice.

69.     In the absence of probable cause, malice may be inferred.

70.     The prosecution was terminated in Plaintiff's favor.

71.     As direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM

### Malicious Prosecution Under New York State Law

72.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

73.     The individual defendants maliciously prosecuted Plaintiff.

74.     The individual defendants commenced a prosecution against Plaintiff.

75.     The individual defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

76.     The individual defendants acted with malice.

77.     In the absence of probable cause, malice may be inferred.

78.     The prosecution was terminated in Plaintiff's favor.

79.     Defendant City, as employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

80.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM

### Denial of Right to a Fair Trial Under 42 U.S.C. § 1983

81.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

82.     Defendant Nanayakkara deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

83.     As the arresting officer of Plaintiff, Defendant Nanayakkara was an investigating official for Plaintiff's arrest.

84.     Defendant Nanayakkara deliberately forwarded fabricated information to the Richmond County District Attorney's Office.

85.     The fabricated information forwarded by Defendant Nanayakkara was likely to influence a jury's verdict.

86.     As a direct and proximate result of this unlawful conduct, Plaintiff was deprived of her liberty and sustained the damages hereinbefore alleged.

## SIXTH CLAIM

**Failure to Intervene Pursuant to 42 U.S.C. Section 1983
Against the Individual Defendants**

87.      Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

88.     The individual defendants had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights by other law enforcement officers.

89.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of her constitutional rights despite knowing about such violations and having a realistic opportunity to do so.

90.     As a direct a proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SEVENTH CLAIM

**Governmental Entity "Monell" Liability Under 42 U.S.C. § 1983 Against Defendant City**

91.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

92.     Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of her constitutional right to be free from illegal searches and seizures.

93.     Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising decision or policymaker must, or should, have been aware of.

94.     Defendant City's supervisors, decision or policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who encounter Defendant City's employees.

95.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM

### Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant City

96.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

97.     Defendant City owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employees, the individual defendants.

98.     Defendant City breached that duty of care.

99.     Defendant City placed the individual defendants in a position where they could inflict foreseeable harm.

100.    Defendant City knew or should have known of the individual defendants' propensities for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

101.    Defendant City failed to take reasonable measures in hiring, retaining and supervising the individual defendants that would have prevented the aforesaid injuries to Plaintiff.

102.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

    a.  An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

    b.  An order awarding punitive damages in an amount to be determined at trial;

    c.  A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.  Such other and further relief as this Court may deem appropriate.


DATED:    January 15, 2024
          New York, New York

*Cody Warner*
_____
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*